# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-03128-01-CR-S-RK |
| | ) | |
| TRACY TODD PRESSON, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through counsel, and moves This Honorable Court to suppress all evidence seized by, and all statements made by Defendant to, Federal and State agents as the seizures and statements were obtained from Defendant in violation of his rights in accordance with the Fourth, Fifth and Sixth Amendments to the Constitution.

I.

## Factual Summary

The following summary of facts in this case are offered for This Honorable Court's consideration in this matter:

1. That on or about October 26, 2018 a warrant was issued for the premises of Defendant's residence located at 414 Tiki Trail, Gainesville, Missouri;

2. Attachment B of the warrant described "Particular Things to be Seized" related to evidence of child pornography;

3. The Application for a Search Warrant was based on facts alleged in the

affidavit of Task Force Officer (TFO) Joseph Neuschwander;

4.     TFO Neuschwander's Affidavit alleged probable cause to believe that evidence of crimes involving the use of a computer in or affecting interstate commerce to receive, distribute, possess, and produce child pornography, would be located on the Tiki Trail property;

5.     Affiant described information provided to the Ozark County Sheriff's Office on October 2, 2018 that 16-year -old Jane Doe stated Presson photographed or videotaped sexual activity with this minor on a black camera and a silver camera and transferred the information to a laptop computer via a SD card or similar device and said devices were kept inside Presson's bedroom;

6.     Affiant described information provided to the South Central Child Advocacy Center on October 3, 2018 that Presson would video record sexually explicit activity on digital cameras and then watch them on a note-book type computer;

7.     Affiant described the seizure on October 3, 2018 of items including an Acer laptop computer, an Aiptek digital video recorder and an aluminum briefcase containing several mass storage devices pursuant to a search warrant issued by the Circuit Court of Ozark County, Missouri;

8.     Affiant stated that when he attempted a forensic preview of the seized Acer laptop computer that the laptop was powered on and the user/screen name was "Todd.";

9.      Affiant stated that the hard drive was missing from the computer at the time he attempted his examination;

10.      Affiant stated that he was unable to determine the type of hard drive previously contained inside the Acer computer;

11.      Affiant stated that based upon his training and experience, he believed the hard drive, external hard drive, or any external storage devices to the Acer computer would be located on the property as justification for the issuance of the subsequent search warrant;

12.      On October 30, 2018 the search warrant was served and Special Agent McNulty seized three items described as homemade firearm suppressors from inside a safe located in the garage;

13.      That on or about November 15, 2018 Defendant was in the custody of the Ozark County Jail in Gainesville, Missouri;

14.      Defendant was a pretrial detainee and not serving any sentence of incarceration for any offense for which he had been convicted or for which he had entered a guilty plea on November 15, 2018;

15.      That Defendant suffered a medical incident and was transported from the Ozark County Jail to the Ozarks Medical Center Emergency Room for medical treatment;

16.      That Defendant had possession of written materials within his cell that were prepared for his attorney and kept in an envelope clearly designated for Attorney Adam Woody on or about November 15, 2018;

17.       That the envelope bore the logo return address for the Law Office of Adam Woody and this information would have been clear to any individual viewing the envelope;

18.       That these written materials were seized by unknown officers, agents or employees of the Ozark County Jail in violation of Defendant's right to communicate with his attorney and maintain attorney-client privilege;

19.       That at some point these privileged documents were provided to the government in the case at bar for use in the prosecution of this case.

II.

## Wrongful seizure; Applicable Law Regarding Seizure of Silencer

Police executing a limited search warrant may not search or seize items that are beyond the scope of the warrant. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) Warrants for computer searches must affirmatively limit a search to evidence of specific federal crimes or specific types of material. *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009).

In *U.S. v. LeBron*, firearms were seized following the execution of a search warrant based on probable cause to believe that evidence of stolen property including televisions would be located on the premises. The warrant described the serial numbers of the stolen property to be found. After identifying this property (or arguably like property) officers continued their search and located firearms within an overhead storage closet. The court held that the search was impermissibly broad and "[T]he discovery of the

firearms was the product of the unconstitutional search of LeBron's residence." *U.S. v. LeBron*, 729 F.2d 533, 539 (8th Cir., 1984).

The Fourth Amendment requires that search warrants particularly describe objects to be seized. This specificity of description requirement furthers the Fourth Amendment's goal of privacy by ensuring that even searches deemed necessary and supported by a magistrate's determination of probable cause should be as limited as possible. See *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022 2038, 29 L.Ed.2d 564, 583 (1971). In this connection, the Supreme Court in Coolidge warned that 'the specific evil is the 'general warrant' abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings.' *Id.* See generally *Standford v. Texas*, 379 U.S. 476, 480--86, 85 S.Ct. 506, 509--512, 13 L.Ed.2d 431, 434--438 (1964); *Marron v. United States*, 275 U.S. 192, 195--96, 48 S.Ct. 74, 75--76, 72 L.Ed.2d 231, 236--237 (1927); *Boyd v. United States*, 116 U.S. 616, 624--30, 6 S.Ct. 524, 528--532, 29 L.Ed. 746, 749--751 (1886).

Neither can the seizure of the items described as homemade silencers be justified under the Plain View Doctrine. It is well established that under certain circumstances the police may seize objects not specified in a warrant. See *Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1070 (1968). But, in order to qualify for the plain view exception, it must be shown (1) that the initial intrusion which afforded the authorities the plain view was lawful; (2) that the discovery of the evidence was inadvertent; and (3) that the incriminating nature of the evidence was immediately apparent. *Coolidge v. New Hampshire*, 403 U.S. 443, 464--73, 91 S.Ct. 2022, 2037--2042, 29 L.Ed.2d 564, 581--587 (1971); *United States v. Wilson*, 524 F.2d 595, 598 (8th

5

Cir. 1975); *United States v. Williams*, 523 F.2d 64, 66 (8th Cir. 1975). The initial intrusion may have been lawful since the investigating officers were acting pursuant to a search warrant allowing a search of the premises. However, the affidavit itself describes additional items to be seized (i.e. an external hard drive or external storage devices) in such a limited way that the search of the safe in the garage exceeded the lawful scope of the warrant.

III.

### Self-Evident or Unquestionable: Applicable Law Regarding Unlawful Seizure of Documents from Defendant's Jail Cell

The Fourth and Fifth Amendments to the U.S. Constitution prohibit unreasonable searches and seizures, as well as barring admission into evidence of statements of a Defendant if such statements were obtained in violation of law. The Sixth Amendment to the U.S. Constitution prohibits the government from interfering with Defendant's right to the assistance of counsel.

To establish a sixth amendment violation, a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant, *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1976); *United States v. Davis*, 646 F.2d 1298, 1303 (8th Cir.), cert. denied, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981), or created a substantial threat of prejudice. See *United States v. Morrison*, 449 U.S. at 366, 101 S.Ct. at 668-69. *U.S. v. Singer*, 785 F.2d 228 (8th Cir., 1986)

It is axiomatic that the attorney-client privilege confers upon the client an expectation of privacy in his or her confidential communications with the attorney. "The core protection afforded by the Fifth Amendment is a prohibition on compelling a

criminal defendant to testify against himself at trial." *United States v. Frazier*, 408 F.3d 1102, 1109 (8th Cir.2005), citing *Chavez v. Martinez*, 538 U.S. 760, 767, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) (plurality opinion). "The Fifth Amendment's protection applies only when the accused is compelled to make a testimonial communication that is incriminating." *Barrett v. Acevedo*, 169 F.3d 1155, 1167 (8th Cir.1999) (emphasis in original), citing *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Defendant was compelled to prepare information in writing for his attorney. To state that he cannot commit ideas to writing as a method of communicating with his attorney because of his status as a detainee is a direct interference with the attorney-client relationship and case strategy. See *United States v. Doe*, 465 U.S. 605, 612 n. 10, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged."); see also *Barrett*, 169 F.3d at 1167-68 (noting that "whether Doe's rationale extends to purely personal papers in a defendant's possession is still open to some debate"). "[N]o Fifth Amendment claim can prevail where . . . there exists `no legitimate expectation of privacy and no semblance of governmental compulsion against the person of the accused.'" *Barrett*, 169 F.3d at 1168, quoting *Couch v. United States*, 409 U.S. 322, 336, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *U.S. v. Hogan*, 539 F.3d 916 (8th Cir., 2008)

Noting that the "Supreme Court in Hudson did not contemplate a cell search intended solely to bolster the prosecution's case against a pre-trial detainee awaiting his day in court," the Second Circuit held that "a pre-trial detainee does retain Fourth Amendment protection against searches `at the instigation of non-prison officials for non-

institutional security related reasons.'" *Willis v. Artuz*, 301 F.3d 65, 68 (2nd Cir.2002), quoting *United States v. Cohen* 796 F.2d 20, 23-24 (2nd Cir.1986); *U.S. v. Hogan*, 539 F.3d 916 (8th Cir., 2008).

## Conclusion

WHEREFORE, for the reasons above stated, Defendant very respectfully requests that This Honorable Court grant his motion to suppress all evidence seized from Defendant in violation of the Fourth Amendment to the United States Constitution and all statements made by Defendant in violation of Defendant's rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution.

Respectfully Submitted,

*/s/ Teresa Grantham Fiester*
TERESA GRANTHAM FIESTER
Missouri Bar 48473
ATTORNEY FOR DEFENDANT

Grantham Fiester Law, LLC
3010 E. Battlefield
Springfield, Missouri 65804
Telephone: 417/831-3682
Telecopy: 417/986-3616
teresa@granthamfiesterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties so entitled to such notice and that I have mailed the foregoing by U.S. mail first-class postage prepaid to the following non CM/ECF participant, Tracy Todd Presson.

*/s/ Teresa Grantham Fiester*
TERESA GRANTHAM FIESTER