# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-03128-01-CR-S-RK |
| ) | |
| TRACY TODD PRESSON, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE REGARDING <u>DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through counsel, and files Defendant's Objections and states as follows: The Court issued a Report and Recommendation on February 26, 2020, granting in part and denying in part Defendant's constitutional claims and ordered that all objections are due by March 11, 2020. Defendant's objections are hereby timely filed.

Defendant requests suppression of the papers seized from the B pod cell of the Ozark County Jail. Witness Cpl. Dobbs testified at hearing that after the items were seized on November 15, 2018, he ultimately looked inside the <u>only</u> envelope present with the papers on October 9, 2019. (Transcript Dobbs p. 62:9-18). The envelope contained a business card to an attorney. (Transcript Dobbs p. 62:16). The documents seized were not photographed in the pod in the way they were located but photographed somewhere else. Cpl. Dobbs testified that he did not take the photographs but "this looks like the center of the, what we call the –we call it the bubble, the center of the bubble where the dispatch room is where I had sent those items to be held." (Transcript Dobbs p. 64:17-19).

Cpl. Dobbs was unable to state whether or not Mr. Presson was locked in a sleeping cell or given access to the whole pod on the date the papers at issue were seized. (Transcript Dobbs p. 65:21-24). Cpl. Dobbs also had no personal knowledge of how the papers came to be on the table. (Transcript Dobbs p. 66:15-17). Cpl. Dobbs also had no ability to testify from personal knowledge where the pen, paper or envelope seized came from. (Transcript Dobbs p. 69:12-15). He also failed to testify that he could confirm when the items were placed inside B pod or where they had been prior to the time of seizure. (Transcript Dobbs p. 69:18-23).

The government bears the burden of proof that the documents were lawfully seized. Cpl. Dobbs's testimony fails to support any premise of lawful seizure and this evidence should be suppressed.

WHEREFORE, for the reasons above stated, Defendant very respectfully requests that This Honorable Court affirm the recommendation of the Magistrate in granting Defendant's motion to suppress evidence of the silencers and reverse the recommendation of the Magistrate in denying Defendant's motion to suppress papers seized from Defendant while in jail custody and for such other and further relief to which he may be entitled.

Respectfully Submitted,

*/s/ Teresa Grantham Fiester*
TERESA GRANTHAM FIESTER
Missouri Bar 48473
ATTORNEY FOR DEFENDANT

Grantham Fiester Law, LLC
3010 E. Battlefield
Springfield, Missouri 65804
Telephone: 417/831-3682
Telecopy: 417/986-3616
teresa@granthamfiesterlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on March 10, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties so entitled to such notice and that I have mailed the foregoing by U.S. mail first-class postage prepaid to the following non CM/ECF participant, Tracy Todd Presson.

               */s/ Teresa Grantham Fiester*
               TERESA GRANTHAM FIESTER